17-1163-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand eighteen.

PRESENT:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

**In re: Residential Capital, LLC,**

> *Debtor.*

_____

**Erlinda Abibas Aniel,**

> *Creditor-Appellant*,

> **v.**                                                          **17-1163-bk**

**ResCap Borrower Claims Trust,**

> *Defendant-Appellee*.

_____

1

**FOR CREDITOR-APPELLANT:**    Erlinda Abibas Aniel, *pro se*, Burlingame, CA.

**FOR DEFENDANT-APPELLEE:**    NORMAN S. ROSENBAUM, Jordan A. Wishnew, Morrison & Foerster LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Erlinda Abibas Aniel, proceeding *pro se*, appeals from the district court's judgment affirming a bankruptcy court decision disallowing her claims against GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS").   Aniel refinanced her home in 2007.   In 2012, she faced possible foreclosure and sued various financial institutions, including GMACM and ETS.   In that suit, she alleged, inter alia, that the transfer of her loan to a securitization trust did not comply with that trust's deadlines and that assignments of her loan to HSBC Bank U.S.A. ("HSBC") in 2009 and to GMACM in 2011 were executed without authority. Residential Capital, LLC, and its subsidiaries, including GMACM and ETS (collectively, the "Debtors"), filed for bankruptcy. Aniel filed proofs of claims in the bankruptcy proceeding based on her lawsuit.   The bankruptcy court sustained the Debtors' objections to Aniel's claims in part, reasoning that Aniel lacked standing to challenge compliance with the securitization trust's terms and that evidence submitted by the Debtors demonstrated that the 2009 assignment was authorized. After a trial about the validity of the 2011 assignment, the bankruptcy court also found that the 2011 assignment was authorized because HSBC executed a Power of Attorney granting GMACM

2

authority to execute assignments, and an authorized GMACM officer utilized that authority to assign the loan to GMACM. Aniel moved for reconsideration, arguing for the first time that GMACM could not assign the rights of its principal to itself. The bankruptcy court denied reconsideration. Aniel appealed, and the district court affirmed. Aniel now appeals from the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a bankruptcy court's orders that have been appealed to the district court independently, reviewing factual findings for clear error and conclusions of law *de novo*. *In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014). Upon such review, we affirm for substantially the reasons stated by the district court in its thorough March 29, 2017 order.

We have considered Aniel's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3